IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANNY TEMPLETON, ) | |
| ID # 1917256, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:14-CV-1157-L-BH |
| ) | |
| OFFICER PENA, et. al, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Plaintiff brings this action under 42 U.S.C. § 1983 against Officer Pena and Officer Brown, detention officers at the Dallas County Jail. He claims that while he was an inmate at the jail, he fell in the shower and cut his knee. The officers refused to provide him a bandage for the cut, and he had to wait until the following morning to receive one. The officers also told him that "snitches end up in ditches" and to get off his knees and "quit letting his cellys handle" him. (Complaint at 3-4). He wants the officers to be held responsible for their actions. (Compl. at 4).

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.     Medical Care**

Plaintiff sues the officers for allegedly providing him inadequate medical care. The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical

care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[1] Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Plaintiff alleges that the officers refused to provide him a bandage for the injury to his knee,

---

[1] A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, the same standards apply under both amendments. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

3

and as a result, he had to wait until the following morning to obtain the bandage. A delay in medical care is a constitutional violation only if there has been deliberate indifference that results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has not alleged that as a result of this delay in medical care, there was substantial harm done to him. His allegations about the actions of these defendants are not sufficient to state a violation of his constitutional rights. *See Lee v. Richland Parish Detention Center* 483 Fed. App'x 904, *1 (5th Cir. July 18, 2012) (holding that delays in administering medicine do not amount to a constitutional violation where there is no evidence that the defendants "delayed or refused medical treatment with subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn"), *citing Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996); *Morrow v. Harris County Jail*, 2006 WL 1295647, *2 (S.D. Tex. May 11, 2006) (holding that medical staff were not deliberately indifferent when, after the plaintiff fell at the jail, he was given Tylenol for pain, but never saw a doctor until he was transferred to prison a month later, where there was no evidence that the delay resulted in substantial harm). Plaintiff has not alleged a cognizable cause of action against the officers with respect to his medical care, and his medical care claims against them should be dismissed.

**B.** **Verbal Abuse and Threats**

Plaintiff further asserts that the officers verbally abused and threatened him. The Fifth Circuit has found that verbal threats and abuse do not rise to the level of a constitutional violation. *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). This claim therefore fails to state a claim upon which relief may be granted and should be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 19th day of May, 2014.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.